**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 4th day of April, 2014.**



_____
Robert D. Berger
United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

In re:

**MARK ROBERT WILKINSON and**                       Case No. 13-21855
**THERESA JEAN WILKINSON,**
          Debtors.

---

### ORDER DENYING TRUSTEE'S MOTION OBJECTING TO DISCHARGE

This matter is before the Court on the chapter 13 Trustee's motion to deny discharge in this case.[1] The chapter 13 Trustee alleges that the Debtors are ineligible for discharge under 11 U.S.C. 1328(f).[2] Section 1328(f) provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--

---

[1] Doc. 12.

[2] This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (D), (G), (M), and (O). This Court has jurisdiction under 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §1408 and 1409. All future statutory references are to the Bankruptcy Code ("Code"), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532, unless otherwise specifically noted.

14.04.04 Wilkinson Order on Discharge.wpd

(1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or

(2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

The issue is whether under § 1328(f) "case filed under" should apply to the bankruptcy chapter under which a case is originally filed or, following conversion under § 348, to the bankruptcy chapter under which discharge was ultimately entered.[3] For the reasons set forth below, this Court finds that the term "case filed under" refers to the bankruptcy chapter under which the case was initially filed under and not the bankruptcy chapter under which the discharge order was ultimately entered. For this reason, the Court finds that the Debtors are eligible to receive a discharge in this case under § 1328(a), and the Trustee's motion is denied.

**Background**

Debtors previously filed a bankruptcy petition in the District of Kansas as Case No. 09-24357. The case was initially filed under chapter 13 and was twice converted before it was ultimately discharged under chapter 7. A brief chronology of the events in the prior case that are pertinent to the matter before the Court follows:

| | |
|---|---|
| December 31, 2009 | Chapter 13 case filed. Debtors did not obtain confirmation of their chapter 13 plan. |
| August 6, 2010 | Case converted to chapter 11 on Debtors' motion. |
| April 25, 2011 | Debtors' chapter 11 plan confirmed. |
| January 21, 2013 | Chapter 11 case converted to chapter 7 on Debtors' motion. |

---

[3] Debtors appear by and through their attorney, Jonathan C. Becker, Lawrence, Kansas. William H. Griffin, the chapter 13 Trustee, also appears.

- 2 -

14.04.04 Wilkinson Order on Discharge.wpd

May 1, 2013     Chapter 7 discharge order entered.

The case *sub judice* was filed as a chapter 13 proceeding on July 21, 2013, and remains a chapter 13 proceeding. The Trustee filed his motion objecting to discharge on July 23, 2013.[4] Less than four years, but more than two years, have elapsed since the filing of the Debtors' previous case and this case. The Trustee argues that it is the Bankruptcy Code chapter under which the Debtors ultimately received a discharge and not the chapter under which the Debtors filed their prior bankruptcy that determines the discharge eligibility waiting period under § 1328(f).

## Analysis

The meaning of § 1328(f) is plain and the effects of the conversion of a bankruptcy case under § 348 are precise. Section 348 provides:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
>
> (b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1201(a), 1221, 1228(a), 1301(a), and 1305(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case to such chapter.
>
> (c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1208, or 1307 of this title, as if the conversion order were the order for relief.
>
> (d) A claim against the estate or the debtor that arises after the order for

---

[4] Doc. 12.

relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

  (e) Conversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

  (f) (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title--

   (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;

   (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan; and

   (C) with respect to cases converted from chapter 13--

    (i) the claim of any creditor holding security as of the date of the filing of the petition shall continue to be secured by that security unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion, notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13; and

    (ii) unless a prebankruptcy default has been fully cured under the plan at the time of conversion, in any proceeding under this title or otherwise, the default shall have the effect given under applicable nonbankruptcy law.

  (2) If the debtor converts a case under chapter 13 of this title to a

- 4 -

14.04.04 Wilkinson Order on Discharge.wpd

case under another chapter under this title in bad faith, the property
of the estate in the converted case shall consist of the property of
the estate as of the date of conversion.

A voluntary bankruptcy case is commenced by the filing of a petition for relief as provided in § 301:

(a)     A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

(b)     The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

For purposes of a voluntary bankruptcy, the Code defines a "petition" as a petition filed under § 301 that commences a case under Title 11.[5] Here, the Debtors' previous bankruptcy case was commenced by the filing of a voluntary petition filed under chapter 13.[6] The filing with the Bankruptcy Court of a petition for relief commences a voluntary case; further, the commencement of the voluntary case constitutes an order for relief under the chapter of the Code under which the petition is filed.[7] While the petition that commences the bankruptcy case triggers an order for relief, this is only one of many consequences of the filing of the petition; the commencement of the case brings myriad consequences, obligations, and benefits under the law of bankruptcy. Section 348 determines the limited effects of the conversion of a bankruptcy case from one chapter to another chapter under the Code. Section 348 does not change the chapter

---

[5] § 101(42).

[6] Petition, Doc. 1, in Case No. 09-24357. The Court will restrict its discussion to voluntary cases commenced under § 301.

[7] § 301(b).

14.04.04 Wilkinson Order on Discharge.wpd

under which the case was originally filed.[8]

Conversion of a case under § 348 from one chapter of the Code to another does not change the petition date and only effects changes as provided in § 348.[9] Unless a case is converted from chapter 13 to chapter 7 in bad faith, the chapter 7 estate only includes the property interests held by the debtor on the original chapter 13 petition date.[10] In their prior case, the Debtors' first conversion was from chapter 13 to chapter 11, in which case the property valuations and allowed secured claims are preserved from the chapter 13 case and these allowed secured claims are reduced to the extent paid in the chapter 13 proceeding.[11]

Although conversion of a case from one chapter of the Code to another under § 348 constitutes an order for relief under the converted chapter, the "conversion does not affect the dates of the filing of the petition, the commencement of the case or the order for relief, except as provided in subsections (b) and (c) . . . ."[12] Importantly, except as provided in § 348(b) and (c), "the sections of the Code that are keyed to the dates of the filing of the petition, the commencement of the case or the entry of the order for relief are unaffected by conversion. Section 348(a) operates in conjunction with many other Code provisions."[13]

---

[8] *In re Hamilton*, 383 B.R. 469 (Bankr. W.D. Ark. 2008).

[9] 3 COLLIER ON BANKRUPTCY ¶ 348.01, at 348-4 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

[10] § 348(f)(2).

[11] *Id.*

[12] 3 COLLIER ON BANKRUPTCY ¶ 348.02, at 348-7. Of course the conversion order triggers an order for relief under the chapter to which the case is converted, but this merely effects the requirement of § 301(b) for a voluntary petition. What is not changed is the chapter under which the petition and, by extension, the case was filed.

[13] *Id.*

- 6 -

14.04.04 Wilkinson Order on Discharge.wpd

Conversion does not result in a new petition. For instance, in *Standiferd v. U.S. Trustee*,[14] the court held that a debtor was properly denied a discharge for refusal to obey a court order even though that refusal occurred before a chapter 13 case was converted to a chapter 7 case. The conversion of a case from one chapter to another does not change the petition date for purposes of calculating the chapter 7 discharge eligibility waiting period; a debtor could not file a chapter 13 bankruptcy, allow the eight-year waiting period to expire under § 728(a)(8), and then convert his or her case to a chapter 7 bankruptcy and receive a discharge.[15]

If the debtor converts a case from chapter 11 to chapter 7, as occurred in these Debtors' prior case, property of the estate is determined as of the original petition date and not as of the date of conversion.[16] Likewise, when a case is converted from chapter 13 to chapter 7, property held by the chapter 13 trustee is the debtor's property, since case conversion terminates the services of the chapter 13 trustee and the Code does not create an ownership interest in the debtor's property by the creditors.[17] Following this theme in the Tenth Circuit, that court held in *In re Marcus*[18] that debtor's exemptions are determined as of the original petition date and not

---

[14] 641 F.3d 1209 (10th Cir. 2011).

[15] Of course, the fact that a debtor is not entitled to discharge does not prohibit the filing of a chapter 13 or a chapter 7 bankruptcy; however, a debtor who files prior to the expiration of the time limits to receive a discharge under the respective chapters is not entitled to a discharge. 6 COLLIER ON BANKRUPTCY ¶ 727.11[1][1], at 727-52 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

[16] *See Casey v. Hochman*, 963 F.2d 1347 (10th Cir. 1992).

[17] 3 COLLIER ON BANKRUPTCY ¶ 348.02[1], at 348-9.

[18] 1 F.3d 1050 (10th Cir. 1993).

the date when the case is converted from chapter 13 to chapter 7.[19] Debtors' entitlement to a homestead exemption is determined as of the original petition date for a chapter 11, and this result is not affected by conversion.[20]

The analysis in *Hall v. United States*[21] requires this Court to interpret the plain reading of the changes in the 2005 Amendments, even if such interpretation could be at odds with Congressional intent. *Hall* is a tax case in which the debtors were family farmers who filed a chapter 12 bankruptcy. The debtors in *Hall* argued that the 2005 amendment that added § 1222(a)(2)(A) was intended to provide tax relief to family farmers under chapter 12.[22] However, when it drafted the amendment, Congress did not recognize that a separate estate for tax purposes is not created in chapter 12 proceedings. Despite the asserted intent of Congress to provide tax relief to family farmers attendant to the post-petition disposition of estate property, the *Hall* Court held that the 2005 Amendments did not accomplish this purpose because the amendment provided relief from taxes incurred by the estate and in chapter 12 the estate is not separately taxable.[23] As a result, the debtor family farmer was personally liable for capital gains taxes associated with the post-petition liquidation of farm assets used in the debtors' farming

---

[19] This result was later codified in § 348(f) which maintains the vitality of the original petition and commencement date for most purposes. 3 COLLIER ON BANKRUPTCY, *supra* note 9, ¶ 348.07[1], at 348-07.

[20] See *Stinson v. Williamson (In re Williamson)*, 804 F.2d 1355 (5th Cir. 1986). Rule 1019 generally addresses conversion of a case originally filed under chapters 11, 12 or 13 to a chapter 7 case.

[21] 132 S. Ct. 1882 (2012).

[22] In part, the amendment provided that taxes incurred by the bankruptcy estate that arise from a debtor family farmer's post-petition sale of a farm asset is treated as a general unsecured claim.

[23] *Hall*, 132 S. Ct. at 1887, 1888.

14.04.04 Wilkinson Order on Discharge.wpd

operation. Writing for the majority, Justice Sotomayor stated: "Certainly, there may be compelling policy reasons for treating postpetition income tax liabilities as dischargeable. But if Congress intended that result, it did not so provide in the statute. Given the statute's plain language, context, and structure, it is not for us to rewrite the statute . . . ."[24] The Tenth Circuit's statutory construction dictates are no less precise:

> "Our primary task in construing statutes is to determine congressional intent, using traditional tools of statutory interpretation." *See N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*, 248 F.3d 1277, 1281 (10th Cir. 2001). Supreme Court "precedents make clear that the starting point for [the] analysis is the statutory text. And where, as here, the words of the statute are unambiguous, the judicial inquiry is complete." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98, (2003) (citation and quotation omitted); *see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194, (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.").[25]
>
> "[I]f an act is unambiguous, that ends the matter and resort should not be had to the statutory history."[26]

Continuing, with respect to the absurdity doctrine and its application to statutory construction, the *Taylor* court observed:

> The absurdity doctrine applies to unambiguous statutes "as a means to avoid applying the unequivocal language of a statute. But the doctrine has been strictly limited." *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006) (en banc). The absurdity doctrine applies "in only the most extreme of circumstances," when an interpretation of a statute "leads to results so gross as to shock the general moral or common sense," which is a "formidable hurdle" to the application of this doctrine. *United States v. Husted*, 545 F.3d 1240, 1245 (10th Cir. 2008); *Robbins*, 435 F.3d at 1241 (quotation omitted). It is not enough to show that

---

[24] *Id.* at 1893.

[25] *In re Taylor*, 737 F.3d 670, 678 (10th Cir. 2013).

[26] *Id.* at 680, quoting *Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1135 (10th Cir. 2011).

- 9 -

14.04.04 Wilkinson Order on Discharge.wpd

Congress intended a different result from the one produced by the plain language of the statute. *Robbins*, 435 F.3d at 1241.

### It Is the Chapter under Which the Debtors' Prior Case Was Filed that Determines the Lookback Period under § 1328(f)

The Trustee cites to the Court two cases in support of his position.[27] Both cases applied the language of § 1328(f) and § 348 and found that the lookback period for a debtor to be eligible for discharge in a subsequent bankruptcy is determined by the chapter under which a prior discharge was ultimately entered in a case and not by the chapter under which the case was initially filed. The *Grydzuk* decision, issued shortly after BAPCPA became effective, is interesting. The court concluded that § 1328(f)(1) is "an example of an ambiguity, not an example of a literal construction leading to an absurd result. Obviously, the [author] who actually authored this provision had no clue as to the fact that certain cases are initiated under one chapter of the Bankruptcy Code, and end up with a discharge being granted under another chapter."[28] The *Grydzuk* court surmised that § 1328(f) was crafted to combat the "infidel concept of a '20', i.e., the filing of a chapter 7 to eliminate debts which might be discharged,". . . followed by the filing of chapter 13 bankruptcy to address debt that is not dischargeable in a chapter 7 bankruptcy.[29] However, these comments are supposition by the court and there is no citation to authority to support this conclusion.[30] The court also observed

---

[27] *In re Grydzuk*, 353 B.R. 564 (Bankr. N.D. Ind. 2006); *In re Finney*, 486 B.R. 177 (B.A.P. 9th Cir. 2013).

[28] *Grydzuk*, 353 B.R. at 567.

[29] *In re Grydzuk*, 353 B.R. 564 (Bankr. N.D. Ind. 2006).

[30] *Id.* at 568.

- 10 -

14.04.04 Wilkinson Order on Discharge.wpd

that § 1328(f)(1) is "not really very ambiguous."[31] The court concluded that in "a very strict and literal sense,"[32] the debtor's case was filed under the chapter to which it is converted, in part because under § 348 conversion results in "an order for relief *under the chapter to which the case is converted . . .* (emphasis in original). Thus, upon conversion, the order for relief--the critical component in the initiation of a bankruptcy case--became 'an order for relief under the chapter to which the case was converted', i.e., chapter 7. Thus, the case became 'filed under' chapter 7 [the converted chapter] rather than chapter 13 [the original chapter]."[33] However, the critical component in the commencement of a bankruptcy is not the order for relief, but the petition itself. The order for relief is merely one of the consequences when a bankruptcy petition is filed and a case is commenced. Contrary to the *Grydzuk* court's conclusion, although § 348(a) creates an order for relief under the converted chapter, the effect of a case conversion is limited under § 348(a) and does not change the chapter the case "was filed under."

The *Grydzuk* court also supported its finding based on the language of § 301(a), which provides for the filing of a voluntary bankruptcy; however, this subsection only provides that a bankruptcy case is commenced by the filing with the bankruptcy court of a petition under a chapter for which the debtor qualifies. Nothing in § 301(a) supports the notion that conversion of a bankruptcy case from one chapter to another alters the chapter under which a case is filed; if anything, the language supports the conclusion that conversion does not effect any change to the

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

chapter under which a case is filed. The *Grydzuk* court concluded that the effect of § 348(a) is to literally render a debtor's converted case that was initially filed under one chapter to a case filed under the converted chapter and that "it is clear that the discharge referred to in 11 U.S.C. § 1328(f)(1) refers to the chapter under which the discharge was actually entered, rather than the chapter under which the case was initiated."[34] In reviewing the pertinent statutes, this Court respectfully disagrees with the *Grydzuk* decision. The language of § 1328(f)(1) is not ambiguous; one posits, what is the ambiguity in the phrase "case filed under" to which the *Grydzuk* decision refers? The plain language of § 348(a) does not change the chapter under which a debtor's case is filed, and the language of § 1328(f) does not refer to the chapter under which discharge is ultimately entered as opposed to the chapter the case "was filed under."

The Trustee also relies on *In re Finney*.[35] The *Finney* court notes that "Section 1328(f) establishes a 'look back period' for measuring when a debtor may receive a discharge in a subsequent bankruptcy case."[36] The *Finney* court agreed with the chapter 13 trustee's argument that when a bankruptcy case is filed under one chapter of the Code and then later converted to another chapter, the case is deemed to have been filed under the converted chapter.[37] Such is not the effect of § 348. The *Finney* court also reached the rather anomalous conclusion that a converted bankruptcy case can be characterized as filed under both chapters "but the discharge is

---

[34] *Id.*

[35] 486 B.R. 177 (B.A.P. 9th Cir. 2013)

[36] *Finney*, 486 B.R. at 180.

[37] *Id.* at 180-181.

14.04.04 Wilkinson Order on Discharge.wpd

only entered in" the chapter to which the case is converted.[38] The court cited the *Grydzuk* decision and relied in part on the fact that § 348(a) provides that an order for relief is issued under the converted chapter.[39] However, as noted above, § 348(a) is a limiting statute and does not change the chapter under which a bankruptcy case is filed. The *Finney* court also stated that § 348(a) "effectively converts" a case filed under one chapter of the Code to one filed under the converted chapter; this conclusion is not supported by a plain reading of § 348(a). Section 348 does not change the plain language of § 1328(f) and the lookback period. Unlike the *Grydzuk* decision, the *Finney* court hangs its hat on the peg of legislative history, but since the language of the statute is not ambiguous, this Court is compelled to comply with its plain meaning. Justice Sotomayor, writing for the majority in *In re Hall*, touched on the issue of legislative history that could be interpreted as contrary to that Court's holding,[40] and the Justice was not persuaded but employed the plain meaning of the statute.[41] As noted above, Justice Sotomayor commented that even if the legislative history were an indication of what Congress intended, then Congress did not accomplish this task by the language employed in the statute.[42] Here, the result urged by the chapter 13 Trustee is not supported by the plain language in §§ 1328(f) and 348.

---

[38] *Id.* at page 181.

[39] *Id.* at 181.

[40] *Hall*, 132 S. Ct. at 1892.

[41] *Id.* 1893.

[42] *Id.* at 1893.

14.04.04 Wilkinson Order on Discharge.wpd

The *Finney* court implies that a contrary reading to its holding may be illogical.[43] This Court does not agree with this observation, but even if it were accurate, illogical is not the same as absurd, and it cannot drive this Court away from employing the plain reading of the statutory language. Although this Court's interpretation is nuanced, it is neither illogical nor absurd, and it is arguably less nuanced than the *Grydzuk* and *Finney* decisions. Of course, many aspects of bankruptcy are nuanced.[44] Competent bankruptcy counsel engage in extensive inquiry into the debtor's finances, as well as the debtor's emotional state, before a decision is made whether to file bankruptcy, and if to file bankruptcy, under what chapter. There are many other considerations, including the various lookback periods that affect when a debtor can file another bankruptcy and receive a discharge. It is fully compatible with the pre-bankruptcy decision-making process that one of the debtor's considerations is that the chapter under which a bankruptcy petition is initially filed will dictate the lookback period for future eligibility to receive a discharge in the event that the case is later converted to another chapter.

The *Finney* court observed that "the vast majority of courts that have considered the issue support . . ."[45] the notion that it is the converted chapter that determines the lookback period for

---

[43] *Finney*, 486 B.R. at 181, quoting from and citing to *McDow v. Capers (In re Capers)*, 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006).

[44] For example, writing for the majority, Justice Scalia observed: "The Bankruptcy Code standardizes an expansive (and sometimes unruly) area of law, and it is our obligation to interpret the Code clearly and predictably using well established principles of statutory construction." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2073 (2012) (concluding that a secured creditor's right to credit bid under § 363(k) cannot be eviscerated in a chapter 11 plan of reorganization). Justice Scalia's regard for the Bankruptcy Code continued when he explained the work of the Supreme Court: "Most of the time we are doing real law: We're figuring out the meaning of the Bankruptcy Code, the Internal Revenue Code. That is hard and really dull stuff." (http://www.houstonchronicle.com/news/houston-texas/houston/article/At-Houston-lecture-Scalia-explores-Christian-4794443.php?t=1c711cf5704c5e314b).

[45] *Finney*, 486 B.R. at 181.

discharge eligibility in a later case. Swimming against this current is *In re Hamilton*.[46] In this decision, the bankruptcy court concluded that it is the original chapter under which a bankruptcy petition is filed that controls the debtor's future eligibility to receive a discharge, i.e., "the look back period." *Finney* well summarizes the *Hamilton* court's analysis (and then disagrees with it):

> Under the Hamilton court's analysis, (1) § 301(a) provides that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter"; (2) § 348(a) explicitly provides that conversion of a case does not effect a change in the commencement date for the case; and (3) Congress could easily have stated that the "look back period" set in § 1328(f) is determined based on the chapter under which a prior discharge was entered, which it did not do.[47]

Ironically, the *Finney* court noted that since the discharge eligibility lookback period is not tolled by a bankruptcy filing, then if Finney's [debtor's] bankruptcy case were dismissed, she would then be eligible for a chapter 13 discharge since the four-year lookback period under § 1328(f)(1) had expired during the pendency of the case.[48] This is another nuance of § 1328(f) that is no more illogical than this Court's or the *Hamilton* court's conclusions. This Court agrees with the *Hamilton* court's analysis and that: "Upon conversion, the date of filing does not change, nor does the fact that the case was originally filed under chapter 13."[49] As observed by the *Hamilton* court, if this Court were to adopt the Trustee's position, then this Court would have

---

[46] 383 B.R. 469 (Bankr. W.D. Ark. 2008).

[47] *Id.*

[48] *Id.* at 182, 183 n.3. *See also* 3 COLLIER ON BANKRUPTCY ¶ 1328.06[2], at 1328-33 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013). "[A]n unsuccessful chapter 13 case filed before the time period set forth in section 1328(f)(2) has expired should not toll the running of that period."

[49] *Hamilton*, 383 B.R. at 471.

- 15 -

14.04.04 Wilkinson Order on Discharge.wpd

to find that when the Debtors' previous chapter 13 case was ultimately converted to a chapter 7 case, "the Chapter 13 case originally filed by the debtor did not exist."[50]

Here, the Debtors' prior case was filed under chapter 13 and the conversion to a chapter 7 case does not mean that the original case is deemed to have been filed under chapter 7. "Upon conversion, the date of filing does not change, nor does the fact that the case was originally filed under chapter 13."[51] A new order for relief under § 348(a) to one under the converted chapter does not affect the original petition date or the chapter under which the original petition was filed. Conversion does not alter the fact that these Debtors' prior case was filed under chapter 13 and not under chapter 7. The plain language of § 348(a) provides that conversion of a case does not effect a change to the date of the original order for relief-- which in this case is an order for relief under chapter 13. This plain language construction is supported by the *Standiferd* court's interpretation and application of § 348(a):

> Under § 348(a), the conversion of a case from one chapter of the Code to another "constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." § 348(a) (emphasis added). In other words, a converted case is commenced on the date the initial bankruptcy petition was filed, not on the date it was converted. Thus, the plain language of § 348(a) clearly provides that, upon conversion, "the case" includes the proceedings that occur both before and after conversion. Consequently, when a debtor converts his case from Chapter 13 to Chapter 7, discharge may be denied under § 727(a)(6)(A) based on the debtor's refusal to obey a lawful order of the court while the case was proceeding under Chapter 13.[52]

---

[50] *Id.* at 470.

[51] *Id.* at 471.

[52] *Standiferd v. U.S. Trustee*, 641 F.3d 1209, 1215 (10th Cir. 2011).

- 16 -

14.04.04 Wilkinson Order on Discharge.wpd

Case 13-21855    Doc# 67    Filed 04/04/14    Page 16 of 17

The integrity of the Debtors' prior chapter 13 petition and the case commencement is maintained upon conversion. Section 348 does not state that conversion of a case to another chapter commences a bankruptcy case--it is a "housekeeping" statute that addresses the limited effects of a case conversion.

### Conclusion

For purposes of § 1328(f), the term "case filed under" refers to the bankruptcy chapter under which the Debtors' prior case was intially filed and not to the chapter under which the discharge order was ultimately entered. The conversion of the Debtors' prior chapter 13 case, first to one under chapter 11 and ultimately to one under chapter 7, does not alter this rule despite the fact that the Debtors' case was discharged under chapter 7. Since the Debtors' prior bankruptcy case was filed under chapter 13 of the Code, it is the § 1328(f)(2) two-year lookback period for previously filed chapter 13 bankruptcy cases that applies to the Debtors' eligibility to receive a discharge in this case. Since more than two years had expired between the time the Debtors' prior chapter 13 case was filed and this case was filed, the Debtors are eligible to receive a discharge in this chapter 13 case. The Trustee's motion objecting to discharge is denied.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

- 17 -

14.04.04 Wilkinson Order on Discharge.wpd